UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS and TRUSTEES
OF THE OPERATING ENGINEERS'
LOCAL 324 FRINGE BENEFIT FUNDS,

    Plaintiffs,                              Case No.04-74859

                                               Hon. Gerald E. Rosen

v.

CHIE CONTRACTORS, INC., GERALD M. CHIE
and JAMES B. CHIE,

    Defendants.
_____/

Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
39040 West Seven Mile Road
Livonia, Michigan  48152
(734) 464-3603
lesser@jeffreymlesser.com
_____/

**<u>SECOND ORDER PURSUANT TO</u>**
**<u>CONSENT JUDGMENT</u>**

      This Court having issued a Consent Judgment on February 23, 2005, ordering Chie Contractors, Inc., Gerald M. Chie and James B. Chie ("Defendants") to pay required fringe benefit contributions and otherwise ensure Chie Contractors, Inc.'s compliance with its obligations to Plaintiffs, the Court having issued subsequent Orders setting forth obligations of Defendants, and the parties having agreed to resolution of additional delinquencies owing by Defendants to Plaintiffs,

      IT IS HEREBY ORDERED AND ADJUDGED as follows:

1

1. Defendants shall pay Plaintiffs the sum of $151,168.64, representing the balance of $104,943.16 in fringe benefit contributions disclosed in an audit covering the period from July 2005 through January 2007, $3,699.40 in contributions on work Defendants reported was performed from February through May 2007, $5,387.57 in liquidated damages arising from untimely payments of contributions for work performed from March through July 2006, $10,833.20 in attorney's fees and costs incurred through May 2007, and $26,305.31 in additional liquidated damages and interest on amounts stated above as of June 30, 2007.

2. Payments to Plaintiffs for indebtedness described above shall be made through checks payable to the "Jeffrey M. Lesser, P. C. Client Trust Account" and submitted to Plaintiffs' attorney Jeffrey M. Lesser at 39040 West Seven Mile Road, Livonia, Michigan 48152.  Payments shall be made by dates and in amounts as follows:

| Date | Amount |
|---|---|
| June 30, 2007 | $13,888.67 (remainder of contributions for August 2006 work) |
| July 31, 2007 | $15,622.31 (contributions for a portion of September 2006 work) |
| August 31, 2007 | $15,622.31 (remainder of contributions for September 2006 work) |
| September 30, 2007 | $11,249.73 (contributions for a portion of October 2006 work) |

| | |
|---|---|
| October 31, 2007 | $11,249.73 (remainder of contributions for October 2006 work) |
| November 30, 2007 | $11,469.31 (contributions for a portion of November 2006 work) |
| December 31, 2007 | $11,469.30 (remainder of contributions for November 2006 work) |
| January 31, 2008 | $14,052.04 (contributions for December 2006 work) |
| February 29, 2008 | $10,566.73 (contributions for January through May 2007 work and liquidated damages arising from unpaid contributions for work performed from March through July 2006) |
| March 31, 2008 | |
| April 30, 2008 | $10,833.20 (attorney's fees and costs) |
| May 31, 2008 | $12,572.66 (portion of remaining interest and liquidated damages) |
| | $12,572.65 (remaining interest and liquidated damages) |

3. The due date for any payment to Plaintiffs under this Order shall be strictly construed, with time of the essence, and date of delivery to the offices of Plaintiffs' attorney constituting date of payment, and may be allocated by Plaintiffs within their sole discretion.

4. The payment schedule set forth above contains the

3

minimum amounts Defendants must pay.  If funds are available, Defendants will pay amounts greater than these minimums.  If Defendants make payments before the due dates stated above, interest shall be reduced to reflect such earlier payments.

     5. If Defendants fail to make any payment described in Section 2 above, Plaintiffs may recover the full amount set forth in Section 1 above, with credit for any payments made, through garnishments and other supplementary proceedings, stating a sum certain owing to include fringe benefit contributions and liquidated damages determined to be owing, interest at the rate of eighteen percent annually on the balance owing and additional attorney's fees and costs incurred up to the date of such supplementary proceeding, certified through signature of Plaintiffs' counsel without further application to the Court, subject to Defendants' right to request a hearing regarding any dispute.

     6. Each Defendant maintains all obligations set forth in the Consent Judgment and subsequent Orders in this case, which remain in full force and effect, with Plaintiffs reserving the right to pursue any indebtedness irrespective of any delay in seeking such recovery.

     7. Defendant Chie Contractors, Inc. ("Chie Contractors") shall grant Plaintiffs a security interest in lots 40, 43 and 46 in Oak Park Estates Phase 3 in Saline Township, Michigan, second only to any prior filed and perfected security

interest of Monroe Bank & Trust.

  8. Defendants shall cooperate in promptly providing information and completing and executing any documents necessary to perfect Plaintiffs' security interest in the property described above, and take any other action reasonably necessary to grant the security interest.

  9. Future documents in this case may be served on Defendants through a single copy of any document addressed to "Gerald M. Chie, President, Chie Contractors, Inc." and mailed to 10195 Carpenter Road, Milan, Michigan 48160.

        s/Gerald E. Rosen
        U. S. District Judge

Approved as to form and content:

| s/Jeffrey M. Lesser | Chie Contractors, Inc. |
|---|---|
| Jeffrey M. Lesser (P33298) | |
| Attorney for Plaintiffs | By: s/With Consent of Gerald M. Chie |
| Dated: June 27, 2007 | Gerald M. Chie |
| | Its: Secretary/Treasurer |
| | Dated: June 27, 2007 |
| | |
| | s/With Consent of Gerald M. Chie |
| | Gerald M. Chie |
| | Dated: June 27, 2007 |

5